**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AMY VIRGO
*individually and on behalf of all those similarly situated,*

**Plaintiff,**

v.

RESURGENT CAPITAL SERVICES L.P.,

**Defendant.**
______________________________________/

## CLASS ACTION COMPLAINT

Plaintiff Amy Virgo ("Plaintiff"), *individually and on behalf of all those similarly situated*, sues Defendant Resurgent Capital Services L.P. ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Palm Beach County, Florida.

3. The amount in controversy exceeds $50,000.00, exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, et seq., the cause of action alleged below arose in Palm Beach County, Florida.


**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

5. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the FDCPA and FCCPA, and because Plaintiff is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## PARTIES

6. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Palm Beach County, Florida.

7. Defendant is a Delaware limited partnership, with its principal place of business located in Greenville, South Carolina.

## DEMAND FOR JURY TRIAL

8. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

9. On or about April 15, 2025, Defendant began attempting to collect an alleged debt (the "Consumer Debt") from Plaintiff.

10. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

11. The Subject Service was primarily for personal, family, or household purposes.

12. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

13. Defendant is a business entity engaged in the business of collecting consumer debts.

14. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

15. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

16. Defendant's "Consumer Collection Agency" license number is CCA0900145.

17. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.

18. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

19. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

20. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

21. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

22. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

**The Communications**

23. On or about April 15, 2025, Defendant began attempting to collect on the Consumer Debt via a collection communication. (the "Initial Collection Communication").

24. The "Initial Collection Communication" letter is attached as "Exhibit A."

25. On or about June 27, 2025, Plaintiff sent Defendant a cease-and-desist letter requesting Defendant to cease all communications with Plaintiff.

26. The "cease-and-desist" letter is attached as "Exhibit B."



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

27. Upon information and belief, the cease-and-desist letter was delivered on July 7, 2025.

28. Upon receipt of the cease-and-desist letter, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

29. On or about July 17, 2025, despite knowing that Plaintiff had requested Defendant to cease communication with her, Defendant sent Plaintiff another collection communication in an attempt to collect the Consumer Debt. (the "Subsequent Collection Communication").

30. The Subsequent Collection Communication is attached as "Exhibit C".

31. The Subsequent Collection Communication stated: "Resurgent Capital services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Halsted Financial Services, LLC, the current servicer of this account."

32. The Initial Collection Communication, and the Subsequent Collection Communication are collectively referred to as the "Subject Communications."

## CLASS ALLEGATIONS

### PROPOSED CLASS

33. Plaintiff brings this lawsuit as a class action on behalf of Plaintiff, individually and on behalf of all other similarly situated persons as a class action. Plaintiff seeks to represent the below-defined "FDCPA Class" and "FCCPA Class" (collectively, "Classes").

34. The **"FDCPA Class"** consists of [1] all consumers with United States addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twelve (12) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was sent to


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

the consumer after the consumer requested Defendant to cease communication with the consumer in violation of 15 U.S.C. § 1692c(c).

35. The **"FCCPA Class"** consists of [1] all consumers with Florida addresses [2] that were sent a collection communication [3] from and/or by Defendant, or someone on Defendant's behalf [4] in an attempt to collect a debt [5] during the twenty-four (24) months preceding the filing of this Class Action Complaint [6] whereby said collection communication was sent to the consumer after the consumer requested Defendant to cease communication in violation of Fla. Stat. § 559.72(7).

36. Defendant and its employees or agents are excluded from the Classes.

37. Plaintiff does not know the number of members in the Classes but believes the members of the Classes to be in the several thousands, if not more.

**<u>NUMEROSITY</u>**

38. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout the United States after the consumer requested Defendant to cease communication with the consumer. The members of the FDCPA Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

39. Upon information and belief, Defendant has sent thousands of debt collection communications to consumers throughout Florida after the person requested Defendant to cease communication with the consumer. The members of the FCCPA Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

40. The exact number and identities of members of the Classes are unknown at this time and can be ascertained only through discovery. Identification of each member of the Classes is a matter capable of ministerial determination from Defendant's records.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

## COMMON QUESTIONS OF LAW AND FACT

41. There are numerous questions of law and fact common to the FDCPA Class which predominate over any questions affecting only individual members of the FDCPA Class. Among the questions of law and fact common to the FDCPA Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the FDCPA Class in an attempt to collect a debt; **[2]** Whether Defendant is a debt collector; **[3]** Whether Defendant, by and through said collection communication, violated the FDCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

42. There are numerous questions of law and fact common to the FCCPA Class which predominate over any questions affecting only individual members of the FCCPA Class. Among the questions of law and fact common to the FCCPA Class are: **[1]** Whether Defendant sent a collection communication to Plaintiff and members of the FCCPA Class in an attempt to collect a debt; **[2]** Whether Defendant is a "person" within the meaning of Fla. Stat. § 559.72; **[3]** Whether Defendant, by and through said collection communication, violated the FCCPA; **[4]** Whether Defendant is liable for damages, and the amount of such damages; and **[5]** Whether Defendant should be enjoined from such conduct in the future.

43. The common questions in this case are capable of having common answers. If Plaintiff's claims that Defendant routinely sends debt collection communications to consumers that violate the FDCPA and the FCCPA are accurate, Plaintiff and members of the Classes will have identical claims capable of being efficiently adjudicated and administered in this case.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

**TYPICALITY**

44. Plaintiff's claims are typical of the claims of the members of the Classes, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

45. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Classes and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Classes.

**SUPERIORITY**

46. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Classes is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by members of the Classes are in the millions of dollars, the individual damages incurred by each member of the Classes resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual members of the Classes prosecuting their own separate claims is remote, and, even if every member of the Classes could afford individual litigation, the court system would be unduly burdened by individual litigation.

47. The prosecution of separate actions by members of the classes would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Classes, although certain class members are not parties to such actions.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT 1**
**VIOLATION OF 15 U.S.C. § 1692c(c)**
***(For Plaintiff and the FDCPA Class)***

48. Plaintiff, individually and on behalf of the FDCPA Class, incorporates by reference paragraphs 9-47 of this Class Action Complaint as though fully stated herein.

49. Pursuant to 15 U.S.C. § 1692c(c), "if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to *cease further communication* with the consumer, the debt collector *shall not communicate further* with the consumer with respect to such debt" (emphasis added).

50. On or about July 7, 2025, Defendant was notified in writing through the cease-and-desist letter that Plaintiff requested Defendant to cease communication with her with respect to the debt.

51. The cease-and-desist letter stated: "This letter serves as my formal request for your company to cease all communications with me"

52. Defendant knew Plaintiff requested Defendant to cease communication with Plaintiff. Despite knowing this, Defendant communicated and/or contacted Plaintiff, by and through the Subject Communications, in connection with the collection of the Consumer Debt.

53. Accordingly, Defendant violated 15 U.S.C. § 1692c(c) by communicating directly with Plaintiff in connection with the collection of the Consumer Debt via the Subject Communications.

54. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

(c) Any other relief that this Court deems appropriate under the circumstances.

**COUNT 2**
**VIOLATION OF FLA. STAT. § 559.72 (7)**
***(For Plaintiff and the FCCPA Class)***

55. Plaintiff, individually and on behalf of the FCCPA Class, incorporates by reference paragraphs 9-47 of this Class Action Complaint as though fully stated herein.

56. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions. Accordingly, in collecting consumer debts, pursuant to the FCCPA, no person shall: "[w]willfully *communicate with the debtor* or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or *willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor* or any member of her or his family." Fla. Stat. § 559.72(7) (emphasis added).

57. As stated above, Defendant knew Plaintiff had revoked any consent Defendant had to communicate with Plaintiff and that Defendant was not to contact Plaintiff. As of July 7, 2025. Defendant knew it could not communicate with Plaintiff in connection with the Consumer Debt.

58. Despite knowing this, Defendant communicated and/or contacted Plaintiff , by and through the Subject Communications, in connection with the collection of the Consumer Debt.

59. In doing so, Defendant willfully communicated with Plaintiff in such a way that can be reasonably expected to harass or abuse Plaintiff. As such, by and through the Subject Communications, Defendant violated Fla. Stat. § 559.72(7).

60. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by Fla. Stat. § 559.72(7);

(b) Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.72(7); and

(c) Any other relief that this Court deems appropriate under the circumstances.

DATED: November 11, 2025

Respectfully Submitted,

/s/ Mitchell D. Hansen
**MITCHELL D. HANSEN, ESQ.**
Florida Bar No.: 1065929
E-mail: mitchell@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*